UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LATASHIA HENRY o/b/o N.M.H.,

                               Plaintiff,

                 v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                            Defendant.

_____

DECISION AND ORDER

17-CV-6613L

       Plaintiff, on behalf of her minor daughter, N.M.H. ("claimant"), appeals from a denial of supplemental security income benefits by the Commissioner of Social Security ("the Commissioner"), based on the Commissioner's finding that N.M.H. was not disabled.

       Plaintiff protectively filed an application for Supplemental Security Income on September 2, 2014, on N.M.H.'s behalf. That claim was initially denied on January 14, 2015. Plaintiff requested a hearing, which was held on August 16, 2016 via videoconference before Administrative Law Judge ("ALJ") Lawrence Levey. (Dkt. #8 at 16). On October 5, 2016, the ALJ issued a decision concluding that N.M.H. was not disabled. (Dkt. #8 at 16-28). That decision became the final decision of the Commissioner when the Appeals Council denied review on July 7, 2017. (Dkt. #8 at 1-4). Plaintiff now appeals.

       Plaintiff has moved (Dkt. #9) and the Commissioner has cross moved (Dkt. #13) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons that follow, I find that the Commissioner's decision is supported by substantial evidence, and was not the product of legal error.

**DISCUSSION**

I.      **Relevant Standards**

Because the claimant is a child, a particularized, three-step sequential analysis is used to determine whether he is disabled.   First, the ALJ must determine whether the child is engaged in substantial gainful activity.   *See* 20 CFR §416.924.   If so, the claimant is not disabled.   If not, the ALJ proceeds to step two, and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act.   If not, the analysis concludes with a finding of "not disabled."   If so, the ALJ continues to step three.

At step three, the ALJ examines whether the claimant's impairment meets or equals the criteria of a listed impairment.   If the impairment meets or medically equals the criteria of a listing and meets the durational requirement (20 CFR §416.924) – that is, if the child's impairments are functionally equivalent in severity to those contained in a listed impairment – the claimant is disabled.   If not, she is not disabled.   In making this assessment, the ALJ must measure the child's limitations in six areas: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for himself; and (6) health and physical well-being.   Medically determinable impairments will be found to equal a listed impairment where they result in "marked" limitations in *two or more* domains of functioning, or an "extreme" limitation in one or more.   20 CFR §§416.926a(a), (d) (emphasis added).

The Commissioner's decision that N.M.H. is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards.   *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002).

**II. The ALJ's Decision**

The ALJ initially found that since the September 2, 2014 application date, N.M.H. (then thirteen years old) has had the following severe impairments: attention deficit hyperactivity disorder ("ADHD"), speech-language delays, and a learning disability. The ALJ proceeded to analyze whether N.M.H. has any "marked" or "extreme" limitations in any of the six domains of functioning. Based on the medical, educational and testimonial evidence presented, the ALJ concluded that since September 2, 2015, N.M.H. has had a less than marked limitation in acquiring and using information, a less than marked limitation in attending and completing tasks, a less than marked limitation in interacting and relating with others, no limitation in moving about and manipulating objects, and "no significant" limitations in health and physical well-being. The ALJ accordingly concluded that N.M.H. is "not disabled." (Dkt. #8 at 22-28).

**III. The ALJ's Duty to Complete the Record**

Plaintiff argues that the ALJ failed to permit plaintiff to clarify the record because he failed to inform plaintiff that the opinion of N.M.H.'s treating psychologist, Dr. Trica L. Peterson, was insufficient to establish plaintiff's disability claim. (Dkt. #8 at 281-85). Plaintiff also argues that the record contained significant gaps, and that the ALJ's decision is therefore not supported by substantial evidence. The Court disagrees.

"Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." *Perez v.* Chater, 77 F.3d 41, 47 (2d Cir. 1996). This includes the duty "to investigate and develop the facts and develop the arguments both for and against the granting of benefits." *Butts v. Barnhart*, 388 F.3d 377, 386 (2d Cir. 2004). The responsibility of the ALJ to fully develop the record is particularly

weighty where, as here, the plaintiff appeared at the hearing pro se. *See Moran v. Astrue*, 569 F.3d 108, 113 (2d Cir. 2009).

Initially, plaintiff argues that the ALJ had a duty to inform her that Dr. Peterson's opinion, which the ALJ gave "great weight" in finding N.M.H. *not* disabled, was insufficient to prove her claim. Plaintiff contends that once the ALJ realized that Dr. Peterson's opinion would not substantiate plaintiff's disability claim even if it was given controlling weight, he should have directed plaintiff to submit additional evidence to "complete the record." Plaintiff relies on the matter of *Cruz v. Sullivan*, in which the Second Circuit held that where an ALJ finds that a treating physician's opinion is not entitled to controlling weight because it is unaccompanied by supportive treatment notes or clinical findings and/or conflicts with the opinions of consulting physicians, the ALJ is obligated to complete the record by directing the plaintiff to seek a more detailed statement from the treating physician. *Cruz*, 912 F.2d 8 at 12-13 (2d Cir. 1990).

The Court is not persuaded that the holding in *Cruz* creates, as plaintiff urges, an affirmative duty on the part of ALJs to provide plaintiffs with additional opportunities to bolster their claims where they have failed to initially satisfy their burden of proof, even in the absence of an obvious evidentiary gap. To the contrary, *Cruz*'s holding concerning the duty to supplement the record where a treating physician's opinion is rejected as unsupported is inapposite here, where the medical opinion at issue was detailed and supported by pertinent treatment records and was consistent with that of consulting and reviewing physicians and educators, and thus presented no evidentiary gap. Furthermore, Dr. Peterson's opinion wasn't rejected: it was fully credited and given "great weight," by the ALJ, so there was no need to obtain supplemental evidence to support it. To the extent that plaintiff argues that Dr. Peterson's opinion could or should have supported a finding of disability, the Court disagrees. A fair reading of the opinion does not support a

finding of marked or extreme limitations in any of the six functional areas. (Dkt. #8 at 281-85, noting "appropriate" eye contact, normal speech, social and cognitive patterns, with some difficulties with hygiene tasks, multi-step processes, memory and maintaining attention, resulting in a diagnosis of ADHD).

Plaintiff also argues that the records submitted by plaintiff to the Appeals Council after the ALJ's decision were: (1) suggestive of a previously-incomplete record before the ALJ; and (2) improperly ignored by the Appeals Council.

The Court finds no basis to conclude that the post-decision records submitted by plaintiff could have supported reversal of the ALJ's decision. The bulk of the records submitted to the Appeals Council were duplicative of evidence before the ALJ, and/or did not pertain to the relevant time period. For example, the post-decision records included a copy of plaintiff's 2016 IEP, which was substantially similar to her 2015 IEP (which the ALJ considered). An April 2015 therapy note made no new diagnoses, and indicated no significant change from the plaintiff's previous presentation and treatment. (Dkt. #8 at 33, 42-53, 342-53). Nor did the Appeals Council ignore the post-decision records. Instead, it described and acknowledged the records, but after reviewing them concluded that they presented no basis to alter the ALJ's decision. (Dkt. #8 at 1-4).

I have considered the rest of plaintiff's claims, and find them to be without merit.


**CONCLUSION**

For the foregoing reasons, I find that the ALJ did not neglect his duty to complete the record, and that his decision is supported by substantial evidence. The plaintiff's motion for

judgment on the pleadings (Dkt. #9) is denied, the Commissioner's cross motion for judgment on

the pleadings (Dkt. #13) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
November 27, 2018.